**Santokh SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72703.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2013.*

Filed June 14, 2013.

Jaspreet Singh, Esquire, Law Office of Jaspreet Singh, Jackson Heights, NY, for Petitioner.

Aaron Nelson, Trial, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, For Respondent.

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Santokh Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey,* 538 F.3d 988, 992 (9th Cir.2008). We deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi,* 538 F.3d at 994–97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial); *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) (holding "[t]he critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.